IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

CRYSTAL THOMAS TAYLOR,

      Plaintiff

-vs-

                                 **53-200**7CA-00 *3631*0000-00
                              CASE NO: _____

CITY OF BARTOW, CHRISTOPHER
THOMAS HOLLE and MATT
CROMARTIE

      Defendant

_____/



### C O M P L A I N T

Plaintiff sues Defendants and states:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     This is an action for damages which exceed $15,000.00.

2.     Crystal Thomas Taylor (Taylor) is a female citizen of the United States of America and a citizen of South Boston, Virginia.

3.     The City of Bartow (City) is a political subdivision of the State of Florida, located in Polk County, Florida.

4.     At all times material, Christopher Thomas Holle (Holle) was a police officer employed by the City through the Bartow Police Department.

5.     At all times material, Matt Cromartie (Cromartie) was a police officer employed by the City through the Bartow Police Department (Department).

6.     Taylor has complied with all conditions precedent to the bringing of this action, including but not limited to, compliance with Section 768.28, F.S. Proof of that compliance is attached as Exhibit "A".

## COUNT I

### (DEPRIVATION OF CIVIL RIGHTS)

7.     As a citizen of Virginia and the United States of America, Taylor is entitled to certain rights and liberties, including the right to be free from unreasonable searches and seizures (US Constitution Amendment IV, Article I, Section 12).

8.     42 USC Section 1983 grants a cause of action for damages to any citizen whose constitutional or statutory rights are abridged by anyone acting under the color of state law.

9.     All actions complained of herein involve police officers acting under color of state law by virtue of the authority granted them by the City and Department. That authority was overtly manifested by their positions within the department and their department issued uniforms and equipment.

10.     On December 26, 2005, Holle and Cromartie were on duty as sworn department police officers, with full powers of arrest.

11.     Pursuant to a Polk County Circuit Court Order, Taylor was the primary custodial parent of her children Cheyanna Hicks and Michael Hicks. Her ex-husband had visitation rights under which he was supposed to have returned custody of the children to her after Christmas Eve on December 24, 2005.

12.     As of December 26, 2005, Taylor still had not received custody back of her children from her ex-husband. Accordingly, Taylor went to the Polk County Sheriff's Department in Bartow to file an incident report against her ex-husband. As she pulled into the parking lot of the Sheriff's Department, her ex-husband also pulled into the parking lot and began confronting her.

13.     After hearing of the confrontation, Taylor's uncle called 911 and Holle and Cromartie responded to the scene.

14.     Holle and Cromartie told Taylor she would not get custody of her children since it was a civil matter and they told Taylor that her ex-husband would keep custody of the children.

15.     Shortly after that time, a Polk County Sheriff's officer arrived and intervened. The Polk County Sheriff's officer, in accordance with the Polk County Circuit Court Order, ordered the children back into Taylor's custody.

16.     Taylor then began to drive home with her children and her mother, Christine Thomas in the vehicle.

17.     Taylor's daughter, Cheyanna Hicks, date of birth July 17, 1994 then became upset and began to open the vehicle's door.  Taylor stopped the vehicle and Cheyanna got out and ran to a Denny's restaurant alleging that Taylor had hit her and tried to choke her.

18.     Patrons of the Denny's restaurant called 911 and Holle and Cromartie again responded.

19.     Holle and Cromartie then interviewed Cheyanna and interviewed Taylor, who denied any abuse, either physical or verbal to Cheyanna.

20.     Holle and Cromartie also interviewed Christine Thomas who was in the Taylor vehicle at all times material to this incident and who confirmed there had been no abuse either physically or verbally by Taylor against Cheyanna.

21.     Despite having the above information and finding no evidence of injury to Cheyanna, Holle and Cromartie arrested Taylor.

22.     Holle handcuffed Taylor and then proceeded to pat her down.

23.    At no time did Holle inform Taylor of her Miranda rights, nor did he inform her of the charges against her.

24.    Holle proceeded to take Taylor to the Bartow Police Department where he brought her in to the Department Holle directed Taylor into a room and closed the door with only Cromartie present.  At that time, Holle again proceeded to pat her down.   However, this time, Holle inappropriately touched Taylor in and about her genital area as well as her breast.

25.    Following detention at the Bartow Police Department, Holle then took Taylor to the Polk County Jail where she was booked into the jail and finally informed of the charges against her by the Polk County Sheriff's Department.

26.    The violation of department policies and reasonable police procedures in which, Holle arrested Taylor culminated in Holle inappropriately touching her genitals and breasts.

27.    Holle's actions as well as those of Cromartie deprived Taylor of her fundamental constitutional rights as set forth in paragraph 7 above.

28.    As an additional consequence of Holle and Cromartie's actions, Taylor sustained bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment life, loss of reputation and loss earning capacity or ability to earn.

29.    The City is liable for the actions of its agents which are taken pursuant to municipal policy and which resulted in constitutional deprivations.

30.    Holle and Cromartie are personally liable for violating well established rights and liberties enjoyed by Taylor.

31.    Pursuant to 42 U.S.C 1988, Taylor is entitled to recover attorney's fees if she prevails.

WHEREFORE, Taylor requests judgment for damages, costs, and attorney's fees against the City of Bartow, Christopher Thomas Holle and Matt Cromartie and respectfully requests a trial by jury.

### COUNT II

### (BATTERY)

32.    Taylor realleges paragraphs 1 through 6 and 11 through 28.

33.    Holle knew his touching of Taylor was inappropriate, unwanted and outside the usual and customary procedures of a police officer.

34.    The touching of Taylor by Holle was uninvited by Taylor and she was injured thereby.

WHEREFORE, Taylor requests judgment against Holle for damages and costs and respectfully requests a trial by jury.

### COUNT III

### (Wrongful Arrest)

35.    On December 26, 2005, Holle and Cromartie, without process or authority of law wrongfully, unlawfully, and against Taylor's will, and without probable cause, arrested Taylor and compelled her to go to the Bartow Police Department and the Polk County Jail.

36.    At all times material, Holle and Cromartie had the opportunity to know, and should have known the matters alleged in this Complaint.

37.    Notwithstanding Taylor's protest of innocence and the testimony of a witness corroborating Taylor's innocence, Holle and Cromartie refused to receive any explanation of Taylor's innocence. Rather, Holle and Cromartie arrested Taylor and caused her to be transported to jail in a shameful and humiliating fashion where Taylor was confined and detained against her will.

38.    Subsequently, the charges against Taylor were dismissed by the State's Attorney's office.

39.    By reason of the unlawful arrest and detention of Taylor, Taylor has been caused to suffer disgrace, humiliation, and shame. Taylor has also lost the custody of her children and she has suffered, mental anguish, loss of capacity for the enjoyment of life, loss of reputation and loss of earnings and/or ability to earn.

WHEREFORE, Taylor demands judgment for damages, costs, and attorney's fees against the City of Bartow, Christopher Thomas Holle and Matt Cromartie and respectfully requests a trial by jury.

Dated this 5th day of July, 2007.

KELLY, BRUSH, PUJOL & COYLE, P.A.

Timothy O. Coyle, Esquire
Florida Bar No: 0956368
842 South Missouri Avenue
Lakeland, Florida 33815
(863) 603-0563
Attorney for Plaintiff