UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CRYSTAL THOMAS TAYLOR,**

    **Plaintiff,**

**v.**                                               **Case No.  8:07-cv-1370-T-30TBM**

**CITY OF BARTOW, CHRISTOPHER
THOMAS HOLLE and MATT
CROMARTIE,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants', City of Bartow (the **"City"**) and Matt Cromartie (together, **"Defendants"**) Motion to Dismiss and Memorandum of Law (Dkt. 3) and Plaintiff's Response and Memorandum of Law in opposition to the same (Dkt. 5).  The Court, having reviewed the motion and memoranda, and being otherwise fully advised in the premises, determines that Defendants' motion should be granted in part and denied in part.

## **Background**

On or about December 26, 2005, Bartow police officers Matt Cromartie and Christopher Thomas Holle responded to a 911 call regarding a domestic disturbance between Plaintiff and her ex-husband.  The altercation occurred outside the Polk County Sheriff's Department.  Plaintiff was there to file an incident report against her ex-husband, whom she claimed failed to timely return custody of her two minor children.  When Plaintiff's ex-

husband confronted her in the parking lot, her uncle called 911. Holle and Cromartie responded to the scene.

Plaintiff claims the officers initially informed her that she would not get custody of the children as it was a civil matter. However, a Polk County Sheriff's officer intervened and ordered the children back into Plaintiff's custody in accordance with a Polk County Circuit Court Order. Plaintiff took the children into her custody and began to drive home.

On the way home, Plaintiff's daughter became upset and opened the car door. When Plaintiff pulled over, her daughter ran out of the car and into a nearby Denny's restaurant. Her daughter alleged to restaurant patrons that her mother hit her and attempted to choke her. The restaurant patrons called 911, and officers Cromartie and Holle again responded to the scene. After interviewing witnesses, the officers arrested Plaintiff. Plaintiff claims the officers conducted a pat down search but failed to inform her of her Miranda rights or the charges against her.

Plaintiff claims she was then taken to the Bartow Police Department and directed into a closed room. With only Cromartie and Holle present, Plaintiff claims Holle proceeded to conduct a second pat down search. Plaintiff claims that while conducting the search, Holle inappropriately touched her in and about her genital and breast areas. Plaintiff claims she was then taken to the Polk County Jail where she was booked and informed of the charges against her. According to Plaintiff, the charges against her were ultimately dismissed. As a result of the officers' actions, Plaintiff claims to have sustained bodily injury, pain and

suffering, mental anguish, loss of capacity to enjoy life, loss of reputation, and loss of earning capacity or ability to earn.

## Standard of Review

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F. Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

**Discussion**

**I.     Count I**

In Count I of her Complaint, Plaintiff alleges a claim pursuant to 42 U.S.C. § 1983 against Holle, Cromartie, and the City of Bartow.  Plaintiff claims her right to be free from unreasonable searches and seizures pursuant to the Fourth Amendment to the U.S. Constitution was violated.  Plaintiff claims that Holle and Cromartie are personally liable for her injuries, and that the City is liable for the actions of its agents.

According to the Supreme Court, a local government may not be held liable under Section 1983 for an injury inflicted solely by its agents.  Monnell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978).  However, a local government is responsible for injuries inflicted by its agents resulting from execution of the government's policy or custom.  Id.  Defendants argue that Plaintiff's Complaint fails to contain meaningful allegations that Plaintiff's injury was the result of a municipal policy.  In her Complaint, Plaintiff alleges "[t]he City is liable for the actions of its agents which are taken pursuant to municipal policy and which resulted in constitutional deprivations."  Plaintiff's Complaint contains no additional information regarding the City's policy.  In her response, Plaintiff acknowledges that her complaint could be pled more sufficiently, and has attached a proposed Amended Complaint for the Court's review.

Even if the Court were to accept Plaintiff's proposed Amended Complaint, the allegations are still insufficient to state a claim against the City.  The proposed Amended Complaint alleges the City failed to (i) adequately train its officers in proper arrest

procedures, and (ii) supervise Holle and Cromartie after the arrest. The Complaint does not specifically allege what type of policy or training caused injury to the Plaintiff.

A conclusory allegation that a sheriff "failed to train his agents and employees, without allegations as to what kind of training that he allegedly failed to provide, is insufficient to state a claim under § 1983." Noell v. White, 2005 WL 1126560, *6 (M.D. Fla. May 12, 2005). Therefore, the Court concludes that Count I should be dismissed as to the City for failure to state a claim, but will grant Plaintiff leave to amend the Complaint to cure this defect.

The Court also concludes that Count I should not be dismissed as to Holle or Cromartie. Plaintiff's allegations regarding the second pat-down search are sufficient to support a claim under § 1983. The Court will review the facts surrounding the search at the summary judgment stage.

**II.     Counts II and III**

Count II of the Complaint alleges a state law claim for battery against Holle. Count III alleges a claim for wrongful arrest against Holle, Cromartie, and the City. Holle has not yet been served in this action. Thus, the instant motion does not address Count II. In its response, Plaintiff has agreed not to pursue a claim against Cromartie individually in Count III, and has requested leave to amend her Complaint accordingly. The Court will grant this request.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 3) is **GRANTED in part and DENIED in part** as stated herein.

2. Plaintiff has twenty (20) days to amend its Complaint as set forth herein.

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1370.mt dismiss.frm