**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CRYSTAL THOMAS TAYLOR,**

    **Plaintiff,**

v.                                                                    Case No.  **8:07-cv-1370-T-30TBM**

**CITY OF BARTOW,**
**CHRISTOPHER THOMAS HOLLE**
**and MATT CROMARTIE**

    **Defendants.**
_____/

**ORDER**

    THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Amended Complaint (CV Dkt. #16), Plaintiff's Response in opposition to the same (CV Dkt. #18), and Plaintiff's Response to Affirmative Defenses (CV Dkt. #17). The Court, having considered these filings and being fully advised in the premises of this case, determines that the Motion should be **GRANTED in part and DENIED in part**.

**Background**[1]

    On July 6, 2007, Crystal Thomas Taylor (hereinafter "Taylor" or "Plaintiff") filed a complaint in Polk County, Florida, Circuit Court against Officer Christopher Thomas Holle (hereinafter "Holle"), Officer Matt Cromartie (hereinafter "Cromartie"), and the City of

---

[1] At the motion to dismiss stage, the Court must view the Complaint in the light most favorable to Plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

Bartow (hereinafter "the City"), alleging violations of Taylor's civil rights under 28 U.S.C. § 1983, Battery, and Wrongful Arrest. Defendants timely removed this action to this Court on August 3, 2007.

On August 7, 2007, Cromartie and the City filed a Motion to Dismiss Plaintiff's Complaint (CV Dkt. #3). Holle had not yet been served and was not a party to the Motion. In reply, Taylor filed a Response along with a Proposed Amended Complaint (CV Dkt. #5). The Court ultimately granted in part and denied in part the Motion to Dismiss, giving Plaintiff leave to file an amended complaint (CV Dkt. #13).

Plaintiff has now filed her Amended Complaint (CV Dkt. #14), in which she sets forth three Counts:

> **Count I**: claim under 42 U.S.C. §1983 for violation of civil rights against Holle, Cromartie, and the City, alleging inadequate training and supervision regarding an allegedly inappropriate "pat down" of Taylor following her arrest;
>
> **Count II**: claim for battery against Holle for conducting the pat down; and
>
> **Count III**: claim for Wrongful Arrest against Holle and Cromartie

Taylor asserts these claims despite her continued inability to perfect service of process on Holle. On November 5, 2007, the Court granted Taylor a 120-day extension to serve Holle (CV Dkt. #12), but as of the filing of the Amended Complaint she has still been unable to do so. The 120-day extension expires on March 3, 2008.

On December 28, 2007, Cromartie filed the instant Motion to Dismiss.

## Facts

On December 26, 2005, Taylor and her ex-husband were embroiled in a domestic dispute over custody of their children. Taylor's uncle called 911, and Officers Holle and Cromartie responded. Soon thereafter, however, the feuding couple ceased to argue and Taylor drove off with the children.

Taylor headed home, but her daughter, Cheyanna, soon became upset. After some alleged verbal and physical sparring with her mother, the 12 year-old jumped out of the vehicle and ran to a Denny's restaurant. There she loudly proclaimed that Taylor hit and choked her, prompting yet another 911 call.

Officers Holle and Cromartie again responded. The two men investigated the claim, interviewing Cheyanna, Taylor, and Taylor's mother (who was present in the vehicle). Although Taylor and her mother claimed that the allegations of abuse were fictitious, Holle and Cromartie nevertheless decided to arrest Taylor. They then conducted a pat down search of Taylor before taking her to the Bartow Police Department.

After arriving at the station, Holle allegedly moved Taylor to a windowless room where he patted her down yet again. This time, however, he allegedly did so "in a sexually inappropriate manner . . . in and about her genital area as well as her breasts." Taylor further alleges that Cromartie witnessed the pat down but failed to intervene. The charges against Taylor were ultimately dropped by the State Attorney's Office.

**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is appropriate when it appears "beyond a reasonable doubt" that a plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must view the complaint in the light most favorable to the plaintiff and construe its allegations as true. Hishon, 467 U.S. at 73. Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . ., [but] the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir.1983). However, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F. Supp. 423, 425 (M.D. Fla.1996).

**Discussion**

**I.   Count I**

In Count I of the Amended Complaint, Taylor asserts a claim under 42 U.S.C. § 1983 for alleged violations of her constitutional rights. Specifically, Taylor alleges that the inadequate training and supervision of officers resulted in the sexually inappropriate pat down of her person while at the Bartow Police Department. She further claims that the City of Bartow was on notice of this deficient training but failed to take corrective action. Finally, she alleges that Cromartie had a duty to intervene during the pat down but never did so.

### A.     Custom or Policy

Generally, a municipality can only be liable under § 1983 if its policies and customs were the "moving force [behind] the constitutional violation." See City of Canton, Ohio v. Harris, 109 U.S. 378, 385 (1989) (quoting Mondell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). In other words, the very "execution of the municipality's policy or custom . . . [must] inflict the [constitutional] injury." Canton, 109 U.S. 378 at 385 (quoting Springfield v. Kibbe, 480 U.S. 257, 267 (1987)). There is no heightened pleading requirement for such claims, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993) (claims [under § 1983] need only meet the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2)), and a plaintiff need not detail the exact policy or custom that facilitated constitutional injury. See Noell v. White, 2005 WL 1126560, *6 (M.D.Fla. 2005).

Here, Taylor's contention that the Bartow Police Department inadequately supervised pat downs satisfies the pleading requirements of § 1983. The Court construes this allegation as an indictment of Department "custom or policy," which is actionable under § 1983 if it is the "moving force [behind] the constitutional violation" at issue. See Canton, 109 U.S. at 385 (quoting Mondell, 436 U.S. at 694). That is precisely what the Amended Complaint claims, asserting that the "failure . . . to adequately train and supervise its officers was the moving force behind the deprivation of [Taylor's] constitutional rights" (CV Dkt. #14). Thus, the Court will not dismiss Count I as to this ground.

Nevertheless, the Court rejects Taylor's "failure to intervene" claim against Cromartie as improperly pled. Not only does Taylor fail to allege that nonintervention in pat downs is Department custom or policy, but in fact states that Cromartie's inaction in particular was a "violation of *proper and reasonable police procedures*" (CV Dkt. #14) (emphasis added). It is therefore unsurprising that she also fails to claim that such policy was the "moving force" behind the constitutional violation at issue, the only other pleading requirement.

Furthermore, the Court finds that the current pleading fails to overcome Cromartie's qualified immunity as a member of the police force. To do so, a plaintiff seeking damages under § 1983 must prove that the conduct of the immunized entity violated "clearly established . . . constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As Cromartie notes, however, Taylor failed to allege that (1) Cromartie participated in the pat down; (2) the pat down took more than "a few seconds"; (3) she complained about Holle's actions during the pat down; or (4) Cromartie knew at any time that the pat down was inappropriate. Instead, Taylor merely alleges that "Cromartie aided Holle in this highly offensive action by doing nothing to prevent them [sic]" (CV Dkt. #16). This claim is simply too factually vague to overcome qualified immunity, and in fact fails to allege that Cromartie committed a constitutional violation *at all*.

Because Taylor's "failure to intervene" claim against Cromartie fails to satisfy the pleading requirements of § 1983 or overcome qualified immunity, the Court grants the instant

Motion to Dismiss as to those grounds without prejudice. However, the Court will also grant Taylor leave to amend her complaint to cure these defects.[2]

### B.     Failure to Train

A claim of a *lack* of training is analytically distinct from an assertion that *existing* "policy or custom" inflicted constitutional injury. Generally, the "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Canton, 489 U.S. 378 at 388. The question is whether the deliberate choice by municipal officials not to provide further training is so egregious that it rises to the level of "city policy" itself. Id. at 390.

A "failure to train" claim also has different pleading requirements than a standard "policy of custom" claim. See Noell, 2005 WL 1126560 at *6. Indeed, a conclusory allegation that the Police Department "failed to train [its] agents and employees, without allegations as to what kind of training that [it] allegedly failed to provide, is insufficient to state a claim under § 1983." Id. Because a Police Department must be on notice of a need to train in order to make a deliberate choice not to do so, a plaintiff must allege: "(1) [the Police Department] knew of a need to train in a particular area, (2) . . . made a deliberate choice not to do so, and (3) this failure to train constitute[d] a custom or policy, which was the moving force behind the deprivation of Plaintiff's constitutional rights." Id. at *8 (citing Roy v.

---

[2] While leave to amend is granted, the Court also cautions Taylor and her counsel not to assert any facts in an amended complaint that cannot be proven as true. Doing so could potentially subject both to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Johnson, 97 F.Supp.2d 1102, 1112 (S.D.Ala.2000)). It is also possible that a series of constitutional violations by individual actors puts a state entity on notice that further training is required. Id. at 390.

Here, Taylor alleges that Bartow Police Department policy was the "moving force" behind the violation of Taylor's constitutional rights. In doing so, she references three types of training that the Police Department allegedly failed to provide: training regarding proper (1) searches and seizures; (2) giving of Miranda rights; and (3) methods by which male officers should pat down female arrestees.

Unlike the first Complaint, the instant version is sufficiently detailed to state a "failure to train" claim under § 1983. Taylor alleges that the Bartow Police Department failed to provide its officers with specific types of training, was on notice of the need for further training but failed to act, and this failure was the moving force behind the violation of her constitutional rights. Because these allegations satisfy the three requirements set forth in Noell, 2005 WL 1126560 at *6, the Court will not dismiss Count I as it relates to a failure to train.

However, the Court will strike the claim in Count I concerning a failure to recite Miranda rights. In Jones v. Cannon, 174 F.3d 1271, 1290 (11th Cir. 1999), the Eleventh Circuit Court of Appeals definitively held that "[f]ailing to follow Miranda procedures . . . does not violate any substantive Fifth Amendment right so as to create cause of action for money damages under § 1983." The Court concluded that "[a] plaintiff cannot state claim under § 1983 based on [an] allegation that he was not read his Miranda rights or that police

officers continued questioning him despite his request for counsel. Id.(citing 42 U.S.C.A. § 1983). This Court, therefore, being bound by the Eleventh Circuit's ruling, strikes Taylor's § 1983 claim as to this ground.

**II.    Count II**

In Count II of the Amended Complaint, Taylor asserts claims for battery against Holle for his role in the pat down of her person. However, the Court declines to rule on this issue because the instant Motion to Dismiss only addresses the allegations against Cromartie.

**III.    Count III**

In Count III of the Amended Complaint, Taylor asserts a claim for wrongful arrest against Holle and Cromartie. Specifically, Taylor claims that the two men, "without process or authority of law[,] wrongfully, unlawfully, and against [her] will, and without probable cause, arrested [her] and compelled her to go to the Bartow Police Department and the Polk County Jail" (CV Dkt. #14). Cromartie declines to respond to this allegation, claiming that Count III only regards Holle and the City.

However, it seems that Cromartie misreads the clear language of Count III. Taylor asserts that "Holle *and* Cromartie . . . unlawfully . . . arrested [h]er," id., and it is difficult to imagine how Cromartie deduces from this language that the allegation only concerns Holle and the City. Because Cromartie fails to address this claim, the Court declines to grant the instant Motion to Dismiss as to this ground.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (CV Dkt. #16) is **GRANTED in part and DENIED in part** as set forth herein.

2. The Court strikes Count I insofar as it claims damages under § 1983 for the alleged failure by Holle and Cromartie to read Taylor her Miranda Rights.

3. Plaintiff shall have twenty (20) days to amend her Amended Complaint to comply with the pleading requirements of § 1983 regarding her "failure to intervene" claim.

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\PDF TEMP FILE\07-cv-1370.taylor bartow.wpd